IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WILLINGHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>    Defendants | No. C-06-3744 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF SAN LEANDRO'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT** |

      Before the Court is defendant City of San Leandro's ("City") motion, filed November 6, 2006, to dismiss plaintiff Nathaniel Willingham's Amended Complaint ("AC") or, alternatively, for a more definite statement, pursuant to Rules 12(b)(6) and 12(e), respectively, of the Federal Rules of Civil Procedure.[1]  Plaintiff has filed opposition, to which the City has replied.  Having reviewed the papers filed in support of the motion, the Court rules as follows:[2]

      1.  In Count One, plaintiff alleges defendants violated 42 U.S.C. § 1983 by subjecting plaintiff to an unlawful arrest and detaining him overnight.  (See Compl. ¶¶ 66-79, 90-91 (alleging officers employed by the City arrested plaintiff for public intoxication

---

[1] The individual defendants, specifically, Greg Cannedy, Mike Sobek, Joseph Kitchen, Frank Grove, and Richard Holman, have not appeared.

[2] By order filed December 7, 2006, the Court vacated the December 15, 2006 hearing on the motion.

without probable cause and held him overnight, and Chief of Police "reviewed the behavior of [the arresting officers] and specifically found it to be in accordance with the San Leandro Police Department's policies and procedures").)  To the extent plaintiff alleges defendants' actions deprived plaintiff of due process, Count One is subject to dismissal without leave to amend.  See Graham v. Connor, 490 U.S. 386, 395 (holding claim of unreasonable seizure arises under Fourth Amendment, not Due Process Clause).[3]

       2.  Count Two, by which plaintiff alleges defendants violated § 1983 by depriving him of due process when they arrested and detained him, is subject to dismissal without leave to amend.  See id.

       3.  Count Three, by which plaintiff alleges defendants engaged in a conspiracy to "falsely manufacture evidence of [p]laintiff's intoxication," (see AC ¶ 112), is not subject to dismissal for the reason offered by the City.  Contrary to the City's argument, a plaintiff alleging a conspiracy claim under § 1983 need not plead an agreement between a private citizen and a government actor.  See, e.g., Parkway Garage, Inc. v. City of Philadelphia, 5 F. 3d 685, 700 (3rd Cir. 1993) (affirming decision finding municipal agency conspired with another municipal agency to deprive plaintiff of civil rights); see also Paine v. City of Lompoc, 265 F. 3d 975, 984-85 (9th Cir. 2001) (finding claim that two police officers conspired to fabricate evidence was "legally viable," but further finding plaintiff failed to offer sufficient evidence to prove fact of conspiracy).

       4.  Count Four, by which plaintiff alleges the City violated § 1983 by knowingly failing to instruct its officers to refrain from committing unlawful arrests, (see Compl. ¶ 104), is not subject to dismissal to the extent such claim is based on the Fourth Amendment.  See Fairley v. Luman, 281 F. 3d 913, 916 (9th Cir. 2002) (holding "liability [against municipality] may attach where the municipality itself causes the constitutional violation through the execution of an official policy, practice, or custom").  To the extent plaintiff alleges the City's failure to provide training deprived plaintiff of due process, however, the claim is subject to

---

[3]The City has not challenged Count One to the extent it is based on a Fourth Amendment claim.

dismissal without leave to amend.  See Graham, 490 U.S. at 395.

      5. Count Five, by which plaintiff alleges defendants violated § 1983 by engaging in malicious prosecution, is subject to dismissal without leave to amend.  To state a § 1983 malicious prosecution claim, a plaintiff must plead that criminal proceedings were instituted against him with the intent to deprive him of a federal constitutional right.  See Usher v. City of Los Angeles, 828 F. 2d 556, 561-62 (9th Cir. 1987).  Although plaintiff alleges, in conclusory fashion, he was subjected to "criminal proceedings," (see AC ¶ 122), plaintiff also alleges he was released the day after his arrest and that he was "never" given his "day in court," (see AC ¶¶ 91, 101), which implies no criminal charges were ever filed by the district attorney against plaintiff.  See Cal. Gov't Code § 26500 (providing "district attorney . . . shall attend the courts, and within his or her discretion shall initiate and conduct on behalf of the people all prosecutions for public offenses").  To the extent the AC may be ambiguous in such respect, however, any ambiguity is fully clarified in plaintiff's opposition, wherein plaintiff specifically asserts he was released by defendants "without charges" being filed.  (See Pl.'s Opp. at 4.)

      6.  Count Six, alleging misuse of legal process, Count Seven, alleging a claim of false arrest, Count Nine, alleging a claim of battery, Count 10, alleging a claim of defamation, and Count 11, alleging a claim of intentional infliction of emotional distress, are not subject to dismissal based on the reasons argued by the City.[4]  Even if, as the City argues, state pleading rules require such claims to be pleaded with specificity, federal pleading rules do not so require, and the complaint gives the City sufficient notice of the conduct of the individual defendants for which plaintiff seeks to hold the City vicariously liable.  See Fed. R. Civ. P. 8(a) (providing complaint need only contain "short and plain statement of the claim"); Cal. Gov't Code § 815.2 (providing municipality "liable for injury proximately caused by an act or omission of an employee . . . within the scope of his employment if the act or omission would . . . have given rise to a cause of action against

---

[4]The City offers no argument as to why Count Eight, alleging a claim for assault, should be dismissed.

1 that employee"). Further, with respect to plaintiff's defamation claim, although the City
2 argues that police officers are absolutely immune if they make knowingly false statements
3 in a police report, the City fails to offer any authority in support of such assertion.[5]

4     7. Count Twelve, alleging a violation of the Fourth Amendment, is subject to
5 dismissal without leave to amend, because it is wholly duplicative of Counts One and Four.

6     8. Count Thirteen, alleging a violation of the Eighth Amendment, is subject to
7 dismissal without leave to amend. "[T]he Eighth Amendment's protections [do] not attach
8 until after conviction and sentence." See Graham, 490 U.S. at 392 n.6. As discussed
9 above, the district attorney never instituted charges against plaintiff, and, consequently,
10 plaintiff cannot allege he was convicted and sentenced for a criminal violation.

11     9. Count Fourteen, alleging a violation of the Fourteenth Amendment, is subject to
12 dismissal without leave to amend, for the reasons stated above with respect to plaintiff's
13 other claims alleging a violation of the Due Process Clause. See id. at 395.

14     10. Count Fifteen, alleging a violation of Article I, section 7 of the California
15 Constitution, which prohibits deprivations of due process and equal protection, is subject to
16 dismissal in its entirety and without leave to amend, because a private cause of action is
17 not available under such section. See Bradley v. Medical Board, 56 Cal. App. 4th 445,
18 462-63 (1997) (holding "there is [ ] no right to sue for monetary damages" under Article I,
19 section 7).

20     11. Count Sixteen, alleging a violation of Article I, section 13 of the California
21 Constitution, which prohibits unreasonable seizures, is not subject to dismissal. Contrary to
22 the City's argument, plaintiff has provided the City sufficient notice of the basis for his claim
23 of an unreasonable seizure.

24     12. Count Seventeen, alleging a violation of Article I, section 17 of the California

---

[5]The City cites cases holding that reports made by citizens to police officers are absolutely privileged. See Hagberg v. California Federal Bank FSB, 32 Cal. 4th 350, 355 (2004); Johnson v. Symantec Corp., 58 F. Supp. 2d 1107, 1109 (N.D. Cal. 1999). Those cases, however, do not address the question of whether a police officer who knowingly makes a false statement in a police report is entitled to absolute immunity, and the City does not explain why the reasoning therein should be extended to the instant case.

4

1 Constitution, which prohibits cruel and unusual punishment, is subject to dismissal without
2 leave to amend, because, as noted, plaintiff cannot allege he was convicted and sentenced
3 for a criminal violation.

4       13. Count Eighteen, alleging a violation of Article I, section 29 of the California
5 Constitution, is subject to dismissal without leave to amend.  Said section, which provides
6 that "[i]n a criminal case, the people of the State of California have the right to due process
7 of law and to a speedy and public trial," see Cal. Const. art. I, § 29, is inapplicable herein;
8 as used in § 29, "the people of the State of California" refers to the party represented by the
9 district attorney, not to the arrestee.

10       14.  Plaintiff's prayer for punitive damages, to the extent such prayer pertains to the
11 City, will be stricken.  Plaintiff may not seek punitive damages from a municipality under
12 § 1983, see City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (holding
13 "municipality is immune from punitive damages under 42 U.S.C. § 1983"), or under state
14 law, see Cal. Gov't Code § 818 (providing "public entity is not liable for damages awarded
15 under Section 3294 of the Civil Code or other damages imposed primarily for the sake of
16 example and by way of punishing the defendant").

17       15. Plaintiff's prayer for an award of attorney's fees will be stricken, because plaintiff
18 is proceeding pro se.  See Elwood v. Drescher, 456 F. 3d 943, 946 (9th Cir. 2006) (holding
19 fees may not be awarded to pro se party).

20       16. The City's alternative motion for a more definite statement will be denied,
21 because the remaining claims against the City are not "so vague or ambiguous that [it]
22 cannot reasonably be required to frame a responsive pleading."  See Fed. R. Civ. P. 12(e).

### CONCLUSION

24 For the reasons stated above, City's motion to dismiss or for a more definite
25 statement is hereby GRANTED in part and DENIED in part, as follows:

26       1. Counts One and Four are hereby DISMISSED without leave to amend, to the
27 extent such claims are based on a violation of the Due Process Clause.

28       2. Counts Two, Five, Twelve, Thirteen, Fourteen, Fifteen, Seventeen, and Eighteen

1  are hereby DISMISSED in their entirety and without leave to amend.

2      3. Plaintiff's prayer for punitive damages is hereby STRICKEN, to the extent such
3  prayer pertains to the City.

4      4. Plaintiff's prayer for an award of attorney's fees is hereby STRICKEN.

5      5. In all other respects, the motion is hereby DENIED.

6  **IT IS SO ORDERED.**

8  Dated: December 18, 2006

                              MAXINE M. CHESNEY
                              United States District Judge