UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WILLINGHAM,<br><br>      Plaintiff,<br><br>  -vs-<br><br>CITY OF SAN LEANDRO, et al.,<br><br>      Defendants. | NO.   C-06-3744 MMC<br><br>ORDER |

Pending before the Court are Defendants' Motion for Summary Judgment or, in the Alternative, Summary Adjudication of the Issues (Ct. Recs. 79 and 82), Defendants' Request for Judicial Notice in Support of Motion for Summary Judgment or, in the Alternative, Summary Adjudication of the Issues (Ct. Rec. 84), and Plaintiff's Motion to Substitute Its Expert Witness (Ct. Rec. 94). The Court held a hearing on February 13, 2008 to hear oral argument on the pending motions. Nathaniel Willingham appeared pro se; Kevin Gilbert appeared on behalf of the Defendants. For the reasons stated below, Defendants' Motion for Summary Judgment is granted in part, denied in part; Defendants' Request for Judicial Notice is denied; and Plaintiff's Motion to Substitute Its Expert Witness is granted.

**I. DEFENDANTS' MOTION FOR JUDICIAL NOTICE**

Defendants request that the Court take judicial notice of a "Request for Order" filed in Alameda County by Plaintiff's ex-wife Veronica Willingham based on the fact that the document was filed with a court and thus is wholly contained within a court document . "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

ORDER - 1

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The document in question does not contain facts not subject to dispute.

Defendants' objection to Plaintiff's Exhibits 5 and 6 partly rely on the mistaken belief that the "Request for Order" contains judicially noticeable facts. Though Defendants complain that there was no opportunity to discuss the case with Ms. Willingham, they offer no reason why they could not. The Court did consider her affidavits for the purposes of the summary judgment motion, but reminded defense counsel that if Plaintiff wishes to enter the information contained in the affidavits into evidence, he will be required to call Ms. Willingham as a witness which will mean that defense counsel will have the opportunity to cross-examine her.

## II. SUMMARY JUDGMENT MOTION

**A. <u>Facts.</u>** On May 24, 2005, Plaintiff called 9-1-1 reporting domestic violence. During the call, he admitted to having ingested alcohol. Once officers arrived on the scene, he reported that his wife had tapped him on the leg several times. According to the police report, Officer Cannedy informed Plaintiff that due to the lack of threatening behavior or injury, his wife's behavior was not domestic violence. Officer Cannedy alleged that Plaintiff acted "uncooperative and unreasonable." Officer Cannedy asked Plaintiff to step outside the apartment to talk with him, then arrested Plaintiff for public intoxication.

According to the police report, Ms. Willingham made no claims of domestic violence that evening, but indicated that she intended to seek a temporary restraining order. She filed an affidavit requesting a temporary restraining order alleging abuse the following day. However, in an affidavit, Ms. Willingham verifies her initial claims that she had not alleged that Mr. Willingham "was provoking me with threats of imminent physical harm." There is no evidence that the arresting officer was aware of Plaintiff's previous domestic violence arrest.

Officer Cannedy reported that Plaintiff exhibited signs of drunkenness. However, in an affidavit submitted to the Court, Ms. Veronica Willingham "didn't think [her] husband was intoxicated" and that he showed no outward signs of drunkenness despite having had a drink earlier in the evening.

Plaintiff's residence is contested. Defendants claim that Plaintiff never resided at the address of the arrest. Plaintiff does not admit to having never lived in California. He even reports employment in San Leandro from 2004-2005. The part of the interrogatories that Defendants point to do not establish that the officers had a reasonable belief that the Plaintiff did not reside at the apartment. Additionally, several documents provided by Plaintiff refute Defendants' claim. According to the police report and Ms. Willingham's affidavit, Plaintiff and Ms. Willingham were married and living together at the time of the arrest, in the apartment where Officer Cannedy first made contact with the Plaintiff. This allegation is supported by the fact that Plaintiff apparently had keys to the apartment, he listed that apartment as his address, the initial paperwork for this litigation was sent to that address, and according to the police report Ms. Willingham told Officer Cannedy that Plaintiff had moved from North Carolina to live with her in California.

**B. Summary Judgment Standard.** The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c)). "Where the facts are disputed [the Court] view[s] the evidence in the light most favorable to the non-moving party." *Menotti v. City of Seattle*, 409 F.3d 1113, 1119 (9th Cir. 2005). The Court does not "weigh the evidence or determine the truth of disputed material facts, but determine only whether there is a genuine issue for trial." *Id.* at 1120. In the case of the qualified immunity claim, the Court "must then determine if, based on the

undisputed facts, in the light most favorable to [Plaintiff], a reasonable officer could believe that he had probable cause to detain" the Plaintiff. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007).

**C. §1983 Claim.** To prevail in a civil action against state actors for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws, 42 U.S.C. § 1983 , a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163 -1164 (9th Cir. 2005). Defendants concede that the officers acted under color of state law, but argue that probable cause supported the arrest, so Plaintiff's claim must fail. "To prevail on his § 1983 claim for false arrest and imprisonment, [Plaintiff] would have to demonstrate that there was no probable cause to arrest him." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998). Probable cause to arrest exists when the totality of the circumstances known to the arresting officers would lead a reasonably prudent person to conclude there was a fair probability that a crime had been committed. *John v. City of El Monte*, 505 F.3d 907, 910 (9th Cir. 2007).

Defendants argue that probable cause had been established under two separate California Penal Code sections, § 647(f) and § 13701. California Penal Code §13701 addresses policies regarding arrests for domestic violence. The policy allows arrests for domestic violence if there is probable cause that an offense has been committed or if there is probable cause that a protective order has been violated. §13700 defines domestic violence as, "abuse committed against an adult or a minor who is a spouse . . . ." "'Abuse' means intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in reasonable apprehension of imminent serious bodily injury to himself or herself, or another." *Id.*

Though the Court cannot conclusively determine that probable cause did not exist, the arresting officer's police report did not conclusively establish that probable

ORDER - 4

cause existed and Plaintiff provided sufficient evidence of a question of fact to defeat summary judgment. The police report shows little evidence of domestic violence. The police report indicated that the couple were talking over each other, there was "tension," and that Veronica Willingham stated she was attempting to pursue a restraining order. However, the report makes no reference to Veronica Willingham making any allegations of domestic violence. The report discounts the only allegation of domestic violence, made by Plaintiff, as not constituting a domestic violence situation. To supplement the report, Plaintiff submitted affidavits which support his allegation that no domestic violence took place. In addition to the police report, Defendants rely on a request for a restraining order submitted by Ms. Willingham after the arrest and Plaintiff's previous arrest for domestic violence as supporting probable cause for domestic violence. However, the request for restraining order is irrelevant to the inquiry of whether probable cause existed because it was filed after the arrest. The previous arrest could be a factor in a totality of circumstances, but there is no evidence suggesting that the arresting officer was aware of the previous arrest at the time of the arrest in question. Due to genuine issues of material facts, the Court cannot conclude probable cause supported that Plaintiff violated Penal Code § 13701.

Similarity, the police report does not provide conclusive evidence supporting probable cause for violation of California Penal Code § 647(f). A person is guilty of a gross misdemeanor if, that person "is found in any public place under the influence of intoxicating liquor . . . in a condition that he or she is unable to exercise care for his or her own safety or the safety of others. . . ." Cal. Penal Code § 647(f). Regardless of the Plaintiff's level of intoxication, he cannot have violated § 647(f) unless he was in a public place. It is uncontested that the arresting officer asked Plaintiff to exit the apartment. Thus his appearance in a public place was due to his compliance with police orders. Defendants argue that the police had the right to remove Plaintiff because he was not a resident of the

apartment. The police report and the arrest report belie this claim.[1] Officer Cannedy indicated that Ms. Willingham stated that Plaintiff moved in with her. Plaintiff's record of arrest names the apartment in question as his home address. Based on the facts known to the officers at the time as reflected in the police report, the officers lacked probable cause for arrest for violation of Penal Code § 647(f).

**D. <u>Qualified Immunity.</u>** As a threshold question, the Court first must ask, "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). It is beyond dispute that arresting Plaintiff without probable cause violates a constitutional right. Thus the Court must ask whether the right violated was firmly established at time of the arrest. *Id.* "The qualified immunity analysis therefore distills down to a single particularized inquiry: whether "a reasonable officer could have believed that probable cause existed [for the] arrest" under the circumstances." *Edgerly v. City and County of San Francisco*, 495 F.3d 645, 654 (9th Cir. 2007). A person cannot be arrested pursuant to Cal. Penal Code § 647(f) where they have been asked to leave their own residence

---

[1]As noted above, Defendants argue that Plaintiff's interrogatory conclusively determines the issue of residence. However, Defendants take Plaintiff's answer out of context. Plaintiff report what he believed his ex-wife had said. It is not dispositive of what the police officers believed had occurred. The officer's belief in probable cause is decisive here because they, not the Plaintiff, were required to make the determination of whether probable cause existed. Plaintiff also reports that one of the officers indicated that there was no basis for removing the Plaintiff from the residence, presumably because according to the police report Mr. Willingham had stated that Plaintiff had moved from North Carolina to live with her.

ORDER - 6

and enter a public place by the police. *In re: David W.*, 172 Cal Rptr. 266 (Cal. App. 2 Dist. 1981).

Based solely on the police report completed by the officers, a reasonable officer would not have believed that probable cause existed for the arrest. In reading the police report, the officers apparently rejected domestic violence as the reasoning behind the arrest. The officer observed signs of intoxication which may have supported that the Plaintiff was "unable to exercise care for his or her safety or the safety of others;" however, the officers could not have reasonably believed that Plaintiff was in a public place as contemplated by the statute if the police report correctly reflects the officer's belief that Plaintiff had moved in with his wife and the apartment was his residence.

**E. Excessive Force.** While Defendants aptly point out that Plaintiff offered no evidence of excessive force, Plaintiff was not so required by the claims set out in his complaint. The allegations of assault, battery, and false arrest appear to sound in tort and are not listed as separate constitutional violations. Since Defendants only address excessive force, the Court will not address any claims sounding in tort in this Order.

**F. Monell Liability.** Plaintiff fails to raise any genuine issue of a fact related to the city's liability. "To prevail on a municipal liability claim, under § 1983 , a plaintiff must establish that the municipality had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation he suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667. Plaintiff attempts to show a policy of violations by submitting letters from various officials, written during the course of an administrative review, stating their conclusion that Plaintiff's arrest violated no laws. These letters do not amount to a city policy which permits police officers to makes arrests without probable cause. All claims pertaining to the City and non-arresting officers are dismissed.

**G. Punitive Damages.** Punitive damages can be awarded under §1983, but only where special circumstances warrant them. Plaintiff asserts he only intends to pursue punitive

ORDER - 7

damages against individual defendants in their individual capacity based on their "outrageous conduct" for claims arising under §1983, other statutory claims, and claims sounding in tort. Plaintiff will be required to prove that circumstances justifying punitive damages occurred in his case. Defendant only contested application of punitive damages for officials acting in their official capacity. Since Plaintiff clarified the limited scope of his request, Defendants' challenge is moot.

### III. PLAINTIFF'S MOTION TO SUBSTITUTE ITS EXPERT WITNESS

Plaintiff's belated Motion requests permission to substitute his expert witness due to opposing counsel's ex parte contact with his expert. Defendants do not deny Plaintiff's charge of illicit contact; however, Defendants argue that the Motion is not timely as the facts underlying this Motion transpired in November. Further, Defendants complain that Plaintiff failed to comply with Judge Chesney's order requiring him to make his expert available for deposition.

In *Erickson v. Newmar*, the Ninth Circuit reversed the district court's denial of the Plaintiff's Motion for Judgment Against Newmar for Tampering with a Material Witness when the defendant had hired the plaintiff's expert for an unrelated case. 87 F.3d 298, 300 (9th Cir. 1996). The plaintiff fired the expert due to the possibility of disclosure to the defendant and was forced to proceed to trial without an expert. *Id.* The Ninth Circuit recognized the "scarcity of case law on the issue of ex parte contact with expert witness," but recognizes that any contact with the opposing side's expert witness is a violation of professional ethics. *Id* at 302. The Ninth Circuit explained that the district court had a duty to fashion sanctions against the defendant for the unethical behavior. *Id.* at 303. "If the district judge had addressed the ethical issues implicated by Combs' behavior prior to trial, the judge could have fashioned an appropriate sanction for the violation and remedied the problem before trial." *Id.* Due to the district court's failure, the Plaintiff was entitled, "at a minimum, to a new trial." *Id.* at 304.

ORDER - 8

In light of the foregoing case, despite Plaintiff's dilatory Motion, he may substitute his expert witness. During the hearing, Plaintiff indicated that he already had secured the expert. The Court set a firm deadline of February 29, 2008, for the Plaintiff to make his expert available to Defendants for a deposition. Defendants and Plaintiff are expected to work together to find a mutually acceptable date. Good faith is required.

Plaintiff submitted documentation about his expert witness in his response to the Motion for Summary Judgment. Since the Defendants did not have an opportunity to depose the proposed expert, the Court did not include the expert related documents in analysis of the pending motions. Accordingly,

**IT IS ORDERED** that:

1. Defendants' Motion for Summary Judgment or in the Alternative, Summary Adjudication of the Issues, filed December 4, 2007, **Ct. Recs. 79 and 82**, is **GRANTED IN PART and DENIED IN PART**.

    (a) The Court **GRANTS** Defendants' Motion regarding Monell claims; and

    (b) **DENIES** the remainder of Defendants' Motion.

2. Plaintiff's claims against the City of San Leandro, Richard Holman, Frank Grove, and Joseph Kitchen are **DISMISSED**.

3. Defendants' Request for Judicial Notice in Support of Motion for Summary Judgment or, in the Alternative, Summary Adjudication of the Issues, filed December 4, 2007, **Ct. Rec. 84**, is **DENIED.**

4. Plaintiff's Motion to Substitute Its Expert Witness, filed January 14, 2008, **Ct. Rec. 94**, is **GRANTED.**

5. The parties shall arrange a deposition of Plaintiff's new expert witness by **February 29, 2008**. Plaintiff shall make reasonable accommodations to ensure this deadline is met. The Court reminds the parties to arrange this deposition in good faith.

The Clerk of Court is directed to file this Order and provide copies to counsel.

1     **DATED** this 14th day of February, 2008.

3                                          s/ Wm. Fremming Nielsen
                                                WM. FREMMING NIELSEN
4  02-14                        SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 10