IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WILLINGHAM, | No. C 06-3744 MMC |
| Plaintiff, | **ORDER DENYING APPLICATION FOR LEAVE TO SET HEARING FOR SUMMARY JUDGMENT** |
| v. | |
| CITY OF SAN LEANDRO, et al., | |
| Defendants / | |

    Before the Court is defendants Greg Cannedy ("Cannedy") and Mike Sobek's ("Sobek") "Application for Leave to Set Hearing for Summary Judgment," filed February 29, 2008, by which defendants seek leave to have their "Motion for Summary Judgment or, in the Alternative, Summary Adjudication of Issues" set for hearing on the Court's April 11, 2008 calendar.  Plaintiff, who proceeds pro se, was served with the application, but has not filed opposition or any other response thereto.

    The December 4, 2007 deadline to file dispositive motions has passed.  On December 4, 2007, before the deadline had passed, Cannedy and Sobek did file a motion for summary judgment, which motion was denied on all grounds, including qualified immunity.[1]  Although said defendants have submitted new evidence in support of their

---

[1] The motion was granted as it pertained to plaintiff's claims against defendants other than Cannedy and Sobek.

argument that they are entitled to qualified immunity, the record before the Court reflects a factual dispute as to at least one of the factual underpinnings of defendants' immunity defense. In particular, plaintiff has submitted evidence, in opposition to defendants' prior motion for summary judgment, (see Pl.'s Ex. 5 (affidavit of Veronica Willingham)), that plaintiff was not intoxicated at the time of his arrest for public intoxication, let alone intoxicated to such a degree that he was "unable to exercise care for his . . . own safety or the safety of others." See Cal. Penal Code § 647(f). Where a triable issue of fact exists as to whether a defendant violated a plaintiff's clearly established Fourth Amendment rights,[2] the question of qualified immunity cannot be resolved on a motion for summary judgment; "rather [it is] a question of fact best resolved by a jury." See Wilkins v. City of Oakland, 350 F. 3d 949, 955-56 (9th Cir. 2003), cert. denied, 543 U.S. 811 (2004).

Consequently, although the trial recently was continued to May 27, 2008, and, ordinarily, a defendant's request for qualified immunity should be considered before trial, see Saucier v. Katz, 533 U.S. 194, 200 (2001) (holding "[w]here the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive"), defendants have failed to show good cause exists to raise again the issues previously raised in their earlier-filed motion for summary judgment.

Accordingly, defendant's application is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 19, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] Defendants do not contend plaintiff's allegations fail to implicate any clearly established Fourth Amendment rights.

2