United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL WILLINGHAM,

        Plaintiff,

  v.

CITY OF SAN LEANDRO, et al.,

        Defendants

                            /

No. C 06-3744 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

      Before the Court is plaintiff's Motion for Leave to File Motion for Reconsideration, filed May 5, 2008.  By said motion, plaintiff seeks leave to file a motion for reconsideration of the Order filed February 14, 2008, to the extent the Court, in granting in part defendants' motion for summary judgment,[1] dismissed "[a]ll claims pertaining to the City [of San Leandro] and non-arresting officers."  (See Order, filed February 14, 2008, at 7:23-24.)

      Having read and considered the motion, the Court rules as follows.

      Plaintiff's motion is not based on new facts or new law, but, rather, on the content of the Order.  Plaintiff, however, delayed filing the instant motion until just six court days before the pretrial conference and just three weeks before the May 27, 2008, trial.  Plaintiff fails to set forth any reason to excuse the delay, and no good cause for the delay is

---

      [1]The Order was issued by the Honorable Wm. Fremming Nielsen, to whom defendants' motion for summary judgment had been referred.

apparent.[2]  The delay is of particular consequence given that the motion for

reconsideration, if granted, would reinstate claims against three individuals and one entity,

none of whom has had reason to prepare for the rapidly-approaching pretrial conference

and trial.  Accordingly, the Court will deny the motion on the ground it was not timely filed.

In any event, to the extent the motion pertains to plaintiff's claims against the City of

San Leandro ("the City"), the motion will be denied for the additional reason that plaintiff

fails to state any cognizable basis for reconsideration of the dismissal of his claims.

Rather, plaintiff merely argues the decision was incorrect.  Further, and contrary to

plaintiff's argument, the reasoning set forth in the order of February 14, 2008, as it pertains

to plaintiff's claims against the City, is not contrary to the Court's prior ruling denying

defendants' motion to dismiss for failure to state a claim; the order of February 14, 2008

does not find that plaintiff failed to state a claim, but, rather, that plaintiff failed to offer

sufficient evidence to support his stated claims against the City.

To the extent the motion pertains to plaintiff's claims against Frank Grove ("Grove")

and Richard Holman ("Holman"), plaintiff correctly observes that his failure to establish his

claims against the City does not necessarily prohibit him from establishing a claim against

Grove and Holman in their respective individual capacities.  Plaintiff fails, however, to offer

any authority for the proposition that Grove and Holman had a "duty to seek the release of

[p]laintiff," (see Pl.'s Mot for Leave at 3), even if, as plaintiff alleges, they realized the

arresting officers lacked probable cause to arrest plaintiff.  Further, plaintiff's allegation that

Grove and Holman, after plaintiff had been arrested by other officers, prepared a "false

report to establish the facts necessary to support a charge of public intoxication," (see First

Amended Complaint ¶ 114), cannot, under the circumstances presented, support a

cognizable claim.  Because it is undisputed plaintiff was not charged with public intoxication

or any other crime following his arrest, any "false report" prepared by Grove and Holman

---

[2]Plaintiff reports he was in state custody from March 28, 2008 to April 16, 2008. Plaintiff fails to state that he was unable to prepare and file documents as a result of such incarceration, however.  Further, plaintiff fails to explain why the instant motion was not filed well before March 28, 2008.

1   was not used against plaintiff and, consequently, could not have caused him to be deprived

2   of any rights.  Cf. Paine v. City of Lompoc, 265 F. 3d 975, 982-84 (9th Cir. 2001) (finding

3   "legally viable" claim that police officers conspired to "tamper[ ] with documentary [and]

4   physical evidence" and to "prevent[ ] witnesses from coming forward" who might assist

5   plaintiff, where trial did occur).  Accordingly, because plaintiff cannot establish a claim

6   against Grove and Holman in their respective individual capacities, a motion to reconsider

7   the dismissal of plaintiff's claims against them would be futile, and the motion will be denied

8   for such additional reason as well.

9          To the extent the motion pertains to plaintiff's claims against Police Chief Joe

10  Kitchen ("Kitchen"), plaintiff, again, correctly observes that his failure to establish his claims

11  against the City does not necessarily prohibit him from establishing a claim against Kitchen

12  in his individual capacity, such claim being based on the theory that Kitchen was personally

13  responsible for alleged inadequate training with respect to how to conduct a lawful arrest.

14  Plaintiff's claim against Kitchen, however, cannot be established in the absence of a finding

15  that plaintiff's arrest was unlawful.  See, e.g., Blankenhorn v. City of Orange, 485 F. 3d

16  463, 484 (9th Cir. 2007) (holding claim against supervisor for inadequate training as to use

17  of force dependent on plaintiff's showing arresting officer used excessive force).  As

18  discussed above, plaintiff unduly delayed filing the instant motion; as a result, insufficient

19  time exists to afford Kitchen the opportunity to file opposition to the instant motion, and, if

20  the motion were granted, to then prepare for the May 27, 2008 trial.  Further, because the

21  claim against Kitchen is dependent on evidence in addition to and separate and distinct

22  from that surrounding the events in question, said claims can be tried separately, if

23  necessary, after the completion of the trial of the claims against defendants Greg Cannedy

24  and Mike Sobeck.   Under such circumstances, the Court will deny the motion as it pertains

25  to Kitchen without prejudice to plaintiff's renewing it at the conclusion of trial, if the trier of

26  fact finds the arrest was unlawful.

27  //

28  //

3

1

**CONCLUSION**

2          For the reasons stated above, plaintiff's motion for leave to file a motion for

3   reconsideration is hereby DENIED.  To the extent the motion pertains to defendant Kitchen,

4   the denial is without prejudice to plaintiff's renewing the motion at the conclusion of the trial,

5   if the trier of fact finds the arrest was unlawful.

6          **IT IS SO ORDERED.**

7

8   Dated:  May 8, 2008

MAXINE M. CHESNEY
9                                               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4