IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WILLINGHAM,<br><br>      Plaintiff,<br><br>  v.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>      Defendants / | No. C 06-3744 MMC<br><br>**TENTATIVE ORDER RE:**<br>**DEFENDANTS' MOTIONS IN LIMINE** |

Before the Court are ten motions in limine filed on behalf of defendants Greg Cannedy and Mike Sobek. Plaintiff Nathaniel Willingham has filed opposition. Although the Court will state its final rulings on the motions in limine at the May 13, 2008 Pretrial Conference, the Court herein sets forth its <u>tentative</u> rulings thereon.[1]

**1. Defendants' Motion in Limine for an Order for 48-Hour Notice to Identify Potential Witnesses**

The motion is GRANTED, without prejudice to any party calling a rebuttal witness without such prior advance notice.

**2. Defendants' Motion in Limine to Exclude Witnesses from the Courtroom**

The motion is GRANTED; however, all witnesses who are named parties and any witness who is a retained expert may observe the proceedings.

---

[1] The Joint Pretrial Statement, filed April 29, 2008, indicates that the Court's views on the merits of the motions in limine may be of assistance with respect to the Further Settlement Conference, scheduled to occur on May 13, 2008 before the Pretrial Conference.

**3. Defendants' Motion in Limine to Preclude Any Reference to the City of San Leandro Unrelated to the Subject Incident**

The motion is GRANTED. Accordingly, plaintiff may not offer evidence of or make reference to any prior lawsuit, incident, problem, or report relating to the City of San Leandro or the San Leandro Police Department and its chief and officers that is unrelated to plaintiff's arrest. This ruling is without prejudice to plaintiff's making an offer of proof, outside the presence of the jury, that a prior crime, wrong or act involving defendants Greg Cannedy ("Cannedy") or Mike Sobek ("Sobek") is admissible for a purpose identified in Rule 404(b) of the Federal Rules of Civil Procedure.

**4. Defendants' Motion in Limine Regarding Admissibility of Media Evidence and Unrelated Civil Matters**

The motion is GRANTED. Accordingly, plaintiff may not offer evidence of media coverage of unrelated events involving the City of San Leandro or the San Leandro Police Department and its chief and officers, and may not offer evidence of prior civil cases involving the City of San Leandro or the San Leandro Police Department and its chief and officers. This ruling is without prejudice to plaintiff's making an offer of proof, outside the presence of the jury, that a prior crime, wrong or act involving defendants Cannedy or Sobek is admissible for a purpose identified in Rule 404(b).

Further, defendants may not offer evidence of media coverage of unrelated events involving plaintiff and may not offer evidence of prior civil cases involving plaintiff. This ruling is without prejudice to defendants' making an offer of proof, outside the presence of the jury, that a prior crime, wrong or act involving plaintiff is admissible for a purpose identified in Rule 404(b).

**5. Defendants' Motion in Limine to Exclude Evidence or Argument Not Previously Disclosed in Response to the Defendants' Document and/or Discovery Requests**

The motion is DENIED, without prejudice to defendants' making a specific objection to any evidence offered that was not previously disclosed in response to any timely document or discovery requests made by defendants. If any such specific objection is made, the evidence will not be admitted unless plaintiff can demonstrate the failure to

disclose the evidence was substantially justified or that the failure was harmless.  See Fed. R. Civ. P. 37(c)(1).

**6. Defendants' Motion in Limine for Order Requesting Plaintiff Post a Bond Prior to Commencement of Trial**

The motion is DENIED.  Defendants have failed to address the factors identified by the Ninth Circuit relevant to a motion for posting of security.  See Simulnet East Associates v. Ramada Hotel Operating Co., 37 F. 3d 573, 575-76 (9th Cir. 1994) (holding "court must balance" factors, including "degree of probability/improbability of success on the merits" and "reasonable extent of the security to be posted" viewed from the "perspective" of both plaintiff and defendant).  Further, defendants fail to provide a declaration in support of their estimate that, in the event they prevail at trial, their potentially recoverable costs would total $25,000.

**7. Defendants' Motion in Limine Re: Admissibility of Prior and/or Subsequent Complaints Against Officers Greg Cannedy and Mike Sobek Re: Internal Affairs Investigators, District Attorney Investigations, Other Law Enforcement Investigations and Any Other Prior Bad Acts or Personnel History**

The motion is GRANTED.  Accordingly, plaintiff may not offer evidence of any prior complaints of excessive force by defendants Cannedy or Sobek or any other individual City of San Leandro police officer.  This ruling is without prejudice to plaintiff's making an offer of proof, outside the presence of the jury, that a prior crime, wrong or act involving defendants Cannedy or Sobek is admissible for a purpose identified in Rule 404(b).

**8. Defendants' Motion in Limine to Birfurcate and Preclude Any Reference to or Evidence of Financial Condition Unless and Until the Jury Returns a Verdict for Awarding Actual Damages and Finding Defendants Acted With Malice**

The motion is GRANTED.

**9. Defendants' Motion in Limine Requesting an Order that Plaintiff Conduct His Direct Examination in Question and Answer Format**

The motion is DENIED.

**10. Defendants' Motion in Limine to Preclude Plaintiff's Expert from Offering New Opinions**

The motion is DENIED, without prejudice to defendants' making a specific objection to any opinion being offered that was not previously disclosed by plaintiff's expert.  If any

1  such specific objection is made, the testimony will not be admitted unless plaintiff can
2  demonstrate the failure to disclose the opinion in the expert's report was substantially
3  justified or that the failure was harmless.  <u>See</u> Fed. R. Civ. P. 37(c)(1).

4  **IT IS SO ORDERED.**

6  Dated: May 9, 2008

                                              MAXINE M. CHESNEY
                                              United States District Judge