IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WILLINGHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>    Defendants | No. C 06-3744 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS MATTER OF LAW OR IN THE ALTERNATIVE FOR NEW TRIAL** |

Before the Court is plaintiff Nathaniel Willingham's "Renewed Motion for Judgment as a Matter of Law; Alternative Motion for New Trial," filed June 16, 2008. Defendants have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

Plaintiff's claims arise from his May 24, 2005 arrest for violation of § 647(f) of the California Penal Code. In his Amended Complaint, and at trial, plaintiff asserted that the arresting officers lacked probable cause to believe plaintiff had violated § 647(f).

On June 4, 2008, a jury found defendants Greg Cannedy ("Cannedy") and Mike Sobek ("Sobek") had probable cause to arrest plaintiff, (see Special Verdict at 2), and, in particular, that Cannedy and Sobek had probable cause to believe plaintiff was "under the

---

[1]By order filed July 28, 2008, the Court took the matter under submission.

influence of intoxicating liquor or drugs, in a condition that he was unable to care for his own safety or the safety of others," (see Special Interrogatory at 2).  The jury further found that after said officers responded to the apartment in which plaintiff was staying, and prior to the arrest, plaintiff voluntarily left the apartment and went outside.  (See id.)  Based on such findings, judgment was entered in favor of Cannedy and Sobek.

**A.  Motion for Judgment as Matter of Law**

Plaintiff contends the jury's findings must be set aside and judgment entered in favor of plaintiff and against Cannedy and Sobek.  In particular, plaintiff argues, "there was no basis for finding intoxication, or voluntar[y] departure from residence."  (See Pl.'s Renewed Mot. at 6.)  Additionally, plaintiff argues he is entitled to judgment as a matter of law as to Count Six, by which plaintiff alleges defendants failed to comply with a mandatory duty to take plaintiff before a magistrate.

"A district court may set aside a jury verdict and grant judgment as a matter of law only if, under the governing law, there can be but one reasonable conclusion as to the verdict."  Settlegoode v. Portland Public Schools, 371 F. 3d 503, 510 (9th Cir. 2004) (internal quotation and citation omitted).  "When evaluating such a motion, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  Id. (internal quotation and citation omitted).

For the reasons discussed below, the Court finds plaintiff has failed to show that he is entitled to judgment as a matter of law.

**1. Intoxication**

Plaintiff first argues "there was no basis for finding intoxication" because the testimony by Cannedy and Sobek as to that issue was not "credible" and conflicted with the testimony provided by plaintiff, his wife, and his step-daughter.  (See Pl.'s Renewed Mot. at 6-7.)  Further, plaintiff asserts, Cannedy and Sobek "lied under oath."  (See Pl.'s Supp. Decl. ¶ 1.)

At the outset, the Court notes that the issue presented at trial was not whether

plaintiff was, in fact, intoxicated, but whether probable cause existed to believe plaintiff was intoxicated, within the meaning of § 647(f).[2]  In any event, the Court, as noted, may not, on a motion for judgment as a matter of law, make credibility determinations.  See Settlegoode, 371 F. 3d at 510.  The jury was charged with deciding whether to credit the testimony of Cannedy and/or Sobek over that of plaintiff and his witnesses, and the jury was entitled to credit Cannedy and/or Sobek.

Plaintiff also argues he is entitled to judgment because defendants intentionally "destroyed" evidence, specifically, a "jail house video tape" that, according to plaintiff, would have "conclusively showed" plaintiff was not intoxicated.  (See Pl.'s Renewed Mot. at 3, 7.)  Contrary to plaintiff's argument, it was not undisputed that defendants intentionally destroyed evidence; consequently, the issue was presented to the jury.  The jury was properly instructed that if they accepted plaintiff's argument that defendants intentionally destroyed evidence, the jury was entitled to find the destroyed evidence would have been unfavorable to defendants.  See Jury Instructions, filed June 4, 2008, at 7; see, e.g., Glover v. BIC Corp., 6 F. 3d 1318, 1329 (9th Cir. 1993).  The fact that the jury decided the issue in a manner contrary to plaintiff's contention does not entitle plaintiff to judgment as a matter of law.

**2. Voluntary Departure**

Plaintiff argues there was no evidence to support the jury's finding that he voluntarily left the apartment prior to his arrest.  In response, defendants argue that the issue of how a person comes to be in a public place is not relevant to the issue of probable cause or, alternatively, that defendants are entitled to qualified immunity as to plaintiff's claim that involuntary presence in a public place precludes a finding of probable cause.

Under California law, where there is probable cause to believe a person is in a public

---

[2]Section 647, in relevant part, provides:  "Every person who commits any of the following acts is guilty of disorderly conduct . . . (f) Who is found in any public place under the influence of intoxicating liquor, any drug, controlled substance, or toluene, in a condition that he or she is unable to exercise care for his or her own safety or the safety of others . . . . "  See Cal. Penal Code § 647.

3

place and is intoxicated, within the meaning of § 647(f), such person can be properly arrested "regardless of how [the] intoxicated person comes to be in a public place." See In re R.K., 160 Cal. App. 4th 1615, 1623 (2008). If a person is found in a public place by reason of the person's having "acquiesced in the police's request to accompany the officer to a 'public place,'" however, such person cannot be convicted of a violation of § 647(f). See id. at 1623-24. Stated otherwise, and as explained by several courts, the issue of whether a person is voluntarily found in a public place at the time of the arrest is not relevant to a determination of whether probable cause exists to believe that a person has violated § 647(f). See id.; see also In re David W., 116 Cal. App. 3d 689, 694 (1981) (stating, "[R]egardless of how an intoxicated person comes to be in a public place, the police must necessarily have the authority to arrest and remove that person from the public place in order to protect both the offender and the public"); Palacios v. City of Oakland, 970 F. Supp. 732, 741 (N.D. Cal. 1997) (finding defendant officer had probable cause to arrest plaintiff for violation of § 647(f) where plaintiff was in public place only after he acquiesced in officer's request to exit private place; noting "California courts have found that it is irrelevant [for purposes of probable cause] whether persons under the influence of alcohol came into public places of their own volition").[3]

Accordingly, even if plaintiff were found to have exited the apartment solely at the officer's request, plaintiff is not entitled to judgment in his favor on Counts One, Three, Seven, Eight, Nine, Eleven, and Sixteen.

Further, with respect to plaintiff's federal claims, as defendants alternatively argue, defendants are entitled qualified immunity to the extent the arrest at issue is deemed

---

[3] Because California courts have held that a person cannot be convicted of a violation of § 647(f) if it is established that he was found in a public place as a result of his having complied with an officer's request to exit from a private place, but that the arresting officer nonetheless can properly arrest such a person, it appears California requires a criminal defendant to assert lack of volition as an affirmative defense to the charge. In other words, a criminal defendant would have to present evidence that he would not have been in a public place but for the officer's requests or commands. See People v. Moran, 1 Cal. 3d 755, 761 (1970) (holding defendant has burden to establish "defense of entrapment"); People v. Pena, 149 Cal. App. 3d Supp. 14, 26-28 (1983) (holding defendant has burden to establish "defense of justification").

4

1   unconstitutional.  Where a defendant has violated a plaintiff's constitutional rights, the
2   defendant is nevertheless entitled to qualified immunity if the constitutional right at issue
3   was not "clearly established at the time of the violation."  See Cuevas v. De Roco, 531 F.
4   3d 726, 735 (9th Cir. 2008).  The plaintiff bears the burden of demonstrating the
5   constitutional right at issue was clearly established at the time of the alleged violation.  See
6   Backlund v. Barnhart, 778 F. 2d 1386, 1389 (9th Cir. 1985) (holding defendants entitled to
7   qualified immunity where plaintiffs claimed defendants deprived plaintiffs of assertedly
8   clearly established constitutional right to "exercise their religious beliefs about punishment
9   on a foster care child," but "fail[ed] to cite any pertinent authority on [the] issue").

Here, plaintiff cites no authority, let alone any clearly established authority, providing that an arrest for § 647(f) is unconstitutional by reason of the arrestee having acquiesced in an officer's request to depart from a private place.  Indeed, at the time of the arrest, the only authority addressing such issue expressly provided that if probable cause exists to believe a person in a public place is intoxicated within the meaning of § 647(f), such a person can be lawfully arrested, irrespective of how that person came to be in a public place.  See In re David W., 116 Cal. App. 3d at 694; Palacios, 970 F. Supp. at 741.[4]  In short, there is no clearly established authority to support plaintiff's claim.

Accordingly, for this additional reason, plaintiff is not entitled to judgment on his Fourth Amendment claims, specifically, Counts One and Three.

**3. Count Six**

As noted, plaintiff argues he is entitled to judgment as a matter of law as to Count Six, by which plaintiff alleges defendants failed to comply with a mandatory duty to take plaintiff before a magistrate.

It is undisputed that plaintiff was arrested without a warrant, that such arrest occurred in the evening of May 24, 2005 at approximately 10:00 p.m., that defendants took plaintiff to jail, and that plaintiff was released from jail the following morning at

---

[4]Subsequent to plaintiff's arrest, there has been no change in the law pertinent to such issue. See R.K., 160 Cal. App. 4th at 1623 (citing favorable to David W.).

5

approximately 7:30 a.m.  (See Gilbert Decl., filed July 11, 2008, ¶ 2, Ex. A.)

Section 825 of the California Penal Code provides that "the defendant shall in all cases be taken before the magistrate without unnecessary delay, and, in any event, within 48 hours of his or her arrest, excluding Sundays and holidays."  See Cal. Penal Code § 825(a)(1).  Section 849(b) provides that a peace officer "may release from custody, instead of taking such person before a magistrate, any person arrested without a warrant whenever . . . [t]he person arrested was arrested for intoxication only, and no further proceedings are desirable."  See Cal. Penal Code § 849(b).

Plaintiff was released pursuant to § 849(b), well before 48 hours had elapsed from the time of his arrest and before normal court hours in which a magistrate would have been available.  (See Gilbert Decl. Ex. A.)  Under such circumstances, plaintiff has failed to show he is entitled to judgment in his favor as to the Sixth Cause of Action.

**B. Motion for New Trial**

Plaintiff argues that he is entitled to a new trial for several reasons, none of which the Court finds persuasive.

First, plaintiff argues that the Court's order granting summary judgment in favor of defendants City of San Leandro ("City"), Frank Grove ("Grove"), Richard Holman ("Holman"), and Joseph Kitchen ("Kitchen") was erroneous, and that a trial as to plaintiff's claims against said defendants must be conducted.  The Court previously denied plaintiff's motion for reconsideration of its order granting summary judgment in favor of defendants City, Grove and Holman, (see Order, filed May 8, 2008, at 1:23 - 2:4, 2:14 - 3:8), and plaintiff fails to articulate any cognizable basis to warrant yet further reconsideration of such rulings.  With respect to Kitchen, the Court previously denied plaintiff's motion for reconsideration, without prejudice to plaintiff's renewing the motion in the event plaintiff established at trial that Cannedy and/or Sobek unlawfully arrested plaintiff, (see id. at 3:9-26); as discussed above, the jury found that neither Cannedy nor Sobek unlawfully arrested plaintiff.

//

Second, plaintiff argues that his motion for a continuance of the trial date, made on the first day of trial, was erroneously denied. The motion for a continuance was based on plaintiff's assertion that, before trial, he had received a communication from a magistrate judge, which communication plaintiff interpreted as a confirmation that the parties had reached a settlement agreement. Plaintiff asserts that his misunderstanding as to a possible settlement caused him to cancel his agreement with his expert witness and to advise his witnesses that their appearance at trial was no longer needed, and that he learned thereafter – but before the first day of trial – that a settlement had not been reached. Nonetheless, plaintiff's expert witness did appear and testify at the trial, as did plaintiff's other witnesses. Plaintiff fails to identify any witness or evidence that he was unable to present as a result of any misunderstanding as to the status of settlement discussions. Accordingly, plaintiff fails to show he was prejudiced by any such misunderstanding.

Third, plaintiff argues that three members of the venire "infected the jury pool" by reason of answers they gave during voir dire. (See Pl.'s Renewed Mot. at 2.) Although not clearly expressed, plaintiff appears to argue that an inquiry should have been conducted to determine if the answers affected any other juror's ability to fairly decide the matter. Plaintiff fails to offer a transcript of the voir dire, or even of that portion containing the answers given by the subject members of the jury pool. In any event, assuming, arguendo, plaintiff's unverified recollection of the answers, as set forth by plaintiff in the pending motion, (see id.), is accurate, such answers did no more than reflect the state of mind and personal opinions of the particular jurors providing them; the answers did not expose the other jurors to any information about or arguably relevant to the instant, or even a similar, case, nor were such remarks of an inflammatory nature.[5] Under such circumstances, plaintiff's argument as to any asserted taint is wholly speculative.

//

---

[5] For example, according to plaintiff, one potential juror indicated he would favor the testimony of a police officer over that of plaintiff.

7

Fourth, plaintiff argues he is entitled to a new trial due to "bias" on the part of the Court. (See Pl.'s Renewed Mot. at 13.) Plaintiff's claim is procedurally defective, as it is not supported by a declaration,[6] and, further, is based on mischaracterizations of statements made by the Court outside the presence of the jury.[7]

Fifth, plaintiff argues the Court erred in not allowing plaintiff to offer evidence that Cannedy had committed "false imprisonment of two ladies and sexual assaults upon them." (See Pl.'s Supp. Decl. ¶ 16.) Plaintiff has failed to show he is entitled to relief based on the Court's rulings with respect to such evidence, as plaintiff failed to show, either before trial, at trial, or in the instant motion, that such evidence was admissible.[8]

Sixth, plaintiff argues the Court erred in allowing defendants to impeach plaintiff's credibility with the fact that plaintiff had been disbarred from the practice of law. The North Carolina State Bar disbarred plaintiff in October 2004 based on a finding that plaintiff had "engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation," specifically, that plaintiff had misappropriated funds belonging to certain clients. (See Defs.' Req. for Judicial Notice, filed May 21, 2008, Ex. A at 617, 620). Further, the District of Columbia Court of Appeals disbarred plaintiff based on the same acts of "dishonesty, fraud, deceit or misrepresentation" as were identified by the North Carolina State Bar. See In re Willingham, 900 A. 2d 165 (D.C. 2006). Because plaintiff was disbarred as a result of his having misappropriated client funds, an act "particularly probative of his truthfulness," the Court's rulings with respect thereto do not provide a basis for a new trial. See United States v. Jackson, 882 F. 2d 1444, 1448 (9th Cir. 1989) (holding district court did not err in allowing witness to be impeached with fact witness had been disbarred for misappropriating

---

[6] Plaintiff submitted a declaration in support of his motion, but did not address therein any issue concerning "bias."

[7] The Court, for example, never characterized the arrest in question as a "trifle," or in any other manner sought to minimize the seriousness of the arrest.

[8] Further, with respect to the instant motion, plaintiff raised this issue for the first time in a declaration offered in reply to defendants' opposition, and, consequently, has deprived defendants of the opportunity to respond thereto.

8

client funds).[9]

In sum, plaintiff has failed to show he is entitled to a new trial.

## CONCLUSION

For the reasons stated, plaintiff's motion for judgment as a matter of law or, alternatively, for a new trial is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 25, 2008

MAXINE M. CHESNEY
United States District Judge

---

[9]Again, with respect to the instant motion, plaintiff raised this issue for the first time in a declaration offered in reply to defendants' opposition, and, consequently, has deprived defendants of the opportunity to respond thereto.

9