IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL WILLINGHAM,

    Plaintiff,

v.

CITY OF SAN LEANDRO, et al.,

    Defendants
                               /

No. C 06-3744 MMC

**ORDER DENYING DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS**

    Before the Court is defendants Greg Cannedy and Mike Sobek's "Motion for Discovery Sanctions Against Plaintiff," filed June 20, 2008. Plaintiff Nathaniel Willingham has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

    In their motion, defendants seek attorneys' fees in the amount of $93,074.80 and costs in the amount of $13,054.58, pursuant to Rule 37(c)(2) and Rule 68(d) of the Federal Rules of Civil Procedure and Rule.[2]

---

[1] By order filed July 28, 2008, the Court took the matter under submission.

[2] Concurrently with the instant motion, defendants filed a bill of costs, in which defendants sought costs in the amount of $13,054.58, pursuant to Rule 54(d)(1). By notice filed September 4, 2008, the Clerk determined defendants were entitled to costs in the amount of $3,938.69. The Court will determine herein whether defendants are entitled to recover, under either Rule 37(c)(2) or Rule 68(d), the costs to which the Clerk has determined defendants are not entitled under Rule 54, specifically, $9,115.89.

**A. Rule 37(c)(2)**

Rule 37(c)(2) provides that "[i]f a party fails to admit what is requested [in a request for admission] and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." See Fed. R. Civ. P. 37(c)(2). An award of expenses under Rule 37(c)(2) is improper, however, where "the admission sought was of no substantial importance" or "the party failing to admit had a reasonable ground to believe that it might prevail on the matter." See id.

Here, defendants seek an award of fees and costs based on plaintiff's having denied defendants' request that he admit the following facts: (1) plaintiff consumed alcohol on the date he was arrested; (2) plaintiff was intoxicated at the time he was arrested; (3) plaintiff stepped outside of his apartment of his own volition and was in public at the time of the arrest; and (4) the amount of force or contact used by the arresting officers was reasonable.

The Court, as discussed below, finds an award of either fees or costs, pursuant to Rule 37(c)(2), would be improper.

**Consumption of Alcohol.** Because plaintiff's initial and amended complaints both conceded that plaintiff had consumed alcohol on the date he was arrested, (see Compl. ¶ 18; Amended Compl. ¶ 20), a request for an admission that plaintiff consumed alcohol on the date of the arrest was of no substantial importance. Further, plaintiff attests, (see Willingham Decl., filed July 21, 2008, ¶ 5.f.), and defendants have not disputed, that plaintiff advised defendants he had mistakenly denied their request for an admission that he had consumed alcohol.

**Intoxication.** Defendants did not need to prove, nor was there a finding by the jury that, plaintiff was, in fact, intoxicated; rather, defendants proved that probable cause existed to believe plaintiff was intoxicated. Further, the evidence on the issue was not undisputed; rather, plaintiff consistently contended he was not intoxicated, and, at trial, offered the testimony of two witnesses, in addition to his own testimony, to that effect.

Under the circumstances, plaintiff had a "reasonable ground to believe that [he] might prevail on the [issue]." See Fed. R. Civ. P. 37(c)(2)(C).

**Voluntary Departure From Apartment.** Plaintiff consistently contended he left the apartment solely at defendants' direction, and so testified at trial. The opposing evidence on the issue consisted of testimony given by the arresting officers. Under such circumstances, plaintiff had a reasonable ground to believe he might prevail on the issue.

**Reasonableness of Force.** Defendants' request for an admission as to their reasonable use of force was relevant to plaintiff's battery claim, which claim was derivative of plaintiff's claim that he was arrested without probable cause.[3] Specifically, plaintiff's battery claim was based on the theory that because the arrest was unlawful, defendants' use of handcuffs constituted a battery. (See Amended Compl. ¶ 148.) Because, as discussed above, plaintiff had a reasonable basis for his belief he might prevail on the issue of probable cause, plaintiff likewise had a reasonable basis for his belief he might prevail on the battery claim.

**B.  Rule 68(d)**

On or about March 20, 2008, defendants served on plaintiff an offer, pursuant to Rule 68, to allow entry of judgment against them in the amount of $15,000. (See Gilbert Decl. Ex. F.) Plaintiff did not accept the offer. Based on the jury's verdict in favor of defendants, the Clerk entered judgment in favor of defendants.

Under Rule 68(d), "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." See Fed. R. Civ. P. 68(d). Rule 68(d), however, "is inapplicable" where, as here, "the defendant obtains judgment." See MRO Communications, Inc. v. AT&T Co., 197 F. 3d 1276, 1280 (9th Cir. 1999) (holding where defendant obtains judgment, defendant's motion for fees and costs is properly brought under Rule 54(d)(2), not under Rule 68).

---

[3] Plaintiff did not allege a Fourth Amendment claim of excessive force.

Accordingly, defendants are not entitled to an award of fees or costs under Rule 68(d).

## CONCLUSION

For the reasons stated above, defendants' Motion for Discovery Sanctions is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  September 25, 2008

MAXINE M. CHESNEY
United States District Judge